JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MAY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>B. TRATE, Warden,<br><br>　　　　Respondent. | Case No. ED CV 23-2319 JFW (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

　　　The Court summarily denies Petitioner's challenge to the calculation of the date of his release from custody.  28 U.S.C. § 2241.

* * *

　　　1.　　Petitioner is an inmate at the federal prison at Victorville.  He is currently serving a term of 200 months in custody based on his conviction on a federal weapons charge.  A district judge in the Eastern District of Tennessee imposed this sentence in July 2012 (the Federal Sentence).  (Docket # 12 at 4.)

2. During the pendency of Petitioner's federal criminal case, he faced assault charges in Tennessee state court.[1] Petitioner had been arrested on the state charges in 2010, writted to federal custody in 2011, and returned to state custody following imposition of the Federal Sentence. In February 2014, Petitioner was sentenced to a six-year prison term on the state assault case (the State Sentence). The judge who imposed the 2014 State Sentence expressly ordered that term to run consecutive to the 2012 Federal Sentence. (Id.)

3. Petitioner served the State Sentence, and was later transferred to federal custody to serve his Federal Sentence. In administrative proceedings in 2015, the Bureau of Prisons asked the federal sentencing court whether the earlier-imposed Federal Sentence should run concurrent with or consecutive to the expired State Sentence. (Docket # 12-6 at 2.) The district court did not reply to this inquiry. (Docket # 12-1 at ¶ 12.) Based on BOP policy and in reliance on 18 U.S.C. § 3584, the BOP concluded that Petitioner's Federal Sentence ran consecutive to the State Sentence. (Docket # 12-7.)

4. Petitioner filed this habeas action to challenge the BOP's calculation of his release date. The gist of Petitioner's claim is that the BOP should have concluded nunc pro tunc that his Federal Sentence ran concurrent with the six-year term of his State Sentence, thereby entitling him to an earlier release date. Petitioner acknowledges that the BOP gave

---

[1] According to an appellate decision affirming the Federal Sentence, the federal felon-in-possession charge and the state assault charges stemmed from an incident in which Petitioner "barged into a home in which [Petitioner] believed his estranged wife was being hidden[,] kicked in a locked bedroom door and fired two shots," injuring the resident of the home. United States v. May, 518 F. App'x 423, 424 (6th Cir. 2013).

1  consideration to his request, but denied it.² (Docket # 17 at 2-3.) He
2  further acknowledges that the federal sentencing court was silent about
3  the issue at the time of sentencing and in post-conviction proceedings. (Id.)

* * *

5. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

* * *

6. Petitioner is not entitled to judicial review or intervention regarding his sentencing claim. As an initial matter, a federal court generally lacks subject matter jurisdiction to review discretionary BOP determinations regarding execution of a sentence. Reeb v. Thomas, 636 F.3d 1224, 1228 (9th Cir. 2011); Dupre v. Fox, No. CV 14-7236 VBF (JPR), 2015 WL 4092531 at *5 (C.D. Cal. 2015) ("Because Petitioner argues only that the BOP abused its discretion" regarding its analysis of consecutive / concurrent sentences, "it appears that this Court lacks jurisdiction to review the BOP's determination.") (cleaned up). To the extent that Petitioner disagrees with the outcome of the agency's evaluation of his sentencing claim, this Court is without authority to review the matter.

---

² Per Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the BOP may retroactively designate the state prison at which Petitioner served his State Sentence as the place at which his Federal Sentence concurrently ran. The agency worksheet at Docket # 12-7 reflects the BOP's denial of Petitioner's Barden request. The agency specifically noted Petitioner's lengthy and violent criminal history as a key reason to deny the application.

1        7.     Moreover, Petitioner does not convincingly demonstrate that the BOP violated the law in calculating his release date. 18 U.S.C. § 3584(a) states in relevant part that "Multiple terms of imprisonment imposed at different times run consecutively <u>unless the court orders that the terms are to run concurrently</u>." (emphasis added.)

       8.     Here, the parties agree that Petitioner's Federal Sentence and State Sentence were imposed at different times. The state judge affirmatively concluded that the State Sentence was to run consecutively to the Federal Sentence. The federal judge did not determine at the time of sentencing whether the Federal Sentence would run consecutively or concurrently to the as-yet-unimposed State Sentence. However, in response to a BOP inquiry during post-sentence <u>Barden</u> procedings, the Tennessee federal court did <u>not</u> rule that the Federal Sentence would be concurrent with the State Sentence.[3]

       9.     With those determinations in hand, the BOP appears to have given legitimate consideration to Petitioner's request for reconsideration of his release date. The agency was aware of his extensive criminal history and the lack of a clear beneficial statement from the sentencing court. The agency also knew that Petitioner had no adverse disciplinary record while in federal custody (a factor favorable to his application). Nevertheless, the agency concluded that retroactive re-designation of the Federal Sentence was not appropriate. (Docket # 12-7.) Petitioner identifies no legal or factual error with that determination.

---

[3] Notably, the district court also denied Petitioner's related request for sentencing relief under 28 U.S.C. § 2255 around the time that the BOP asked the court regarding <u>nunc pro tunc</u> treatment of the Federal Sentence. The district court denied relief on the ground that Petitioner's violent offense and extensive criminal history satisfied the requirement for finding Petitioner to be an armed career criminal subject to a mandatory minimum sentence. <u>May v. United States</u>, No. 4:11-CR-7 / 4:15-CV-71-HSM-CHS (E.D. Tenn. 2016) (Docket # 102). Nothing in that decision suggests that the sentencing court intended that Petitioner obtain the benefit of a concurrent-sentence designation.

\* \* \*

10. Petitioner served a state prison term that a state judge concluded should run consecutive to his Federal Sentence. He failed to convince the federal sentencing judge that his lengthy federal term (based on an armed career enhancement and a significant criminal history) should run concurrent with the State Sentence. As a result, Petitioner fails to demonstrate that he is entitled to relief. 18 U.S.C. § 3584(a). Petitioner's request for recalculation of his release date is without merit.

11. The petition must be denied and the action dismissed with prejudice.

IT IS SO ORDERED.

Dated: August 8, 2024    _____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE